UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 1 5 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Matthew Wayne Freeze,  )
)
    Plaintiff,  )
)
v.  )  Civil Action No. **11 1098**
)
Barack Hussein Obama,  )
)
    Defendant.  )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a Complaint for Declaratory Relief, along with an application to proceed *in forma pauperis* ("IFP"). Upon review of the complaint, the Court will grant the IFP application and will dismiss the complaint pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Plaintiff is a federal prisoner at the Federal Correctional Complex in Forrest City, Arkansas. He seeks a declaration that 18 U.S.C. § 922(g)(1), prohibiting a convicted felon from possessing a firearm, is an unconstitutional bill of attainder in violation of Art. 1, § 9, cl. 3 of the Constitution. " '[L]egislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution.' " *United States v. Brown*, 381 U.S. 437, 448-49 (1965).

The challenged provision does not constitute a bill of attainder because it "set[s] forth a rule generally applicable to all persons possessing a certain characteristic, *i.e.*, having been



4

[convicted] [of] a felony. [It] [is] reasonably calculated to achieve a nonpunitive public purpose, *i.e.*, to keep firearms out of the hands of persons who . . . may 'have a somewhat greater likelihood than other citizens to misuse firearms.' " *U.S. v. Munsterman*, 177 F.3d 1139, 1142 (9th Cir. 1999) (citation omitted); accord *Lewis v. U.S.*, 445 U.S. 55, 64 (1980) (observing that § 922(g) "prohibits categories of presumptively dangerous persons from transporting or receiving firearms."); *see McDonald v. City of Chicago, Ill.*, 130 S.Ct. 3020, 3047 ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as "prohibitions on the possession of firearms by felons . . . .") (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008)).

Plaintiff claims that he is a "soon to be released felon who is disqualified from exercising the fundamental right to keep and bear arms . . . ." Compl. ¶ 7. But, as the Supreme Court observes, "a convicted felon is not without relief" in seeking to remove the firearms disability. *See Lewis*, 445 U.S. at 64 (citing, *inter alia*, 18 U.S.C.. § 925). A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: June 7, 2011